Hartliep Transit Company for use of Barton Snow and Cornelia Snow, Appellee, v. Central Mutual Insurance Company of Chicago, Appellant.

Gen. No. 9,111.

Opinion filed November 30, 1936.
Rehearing denied and supplemental opinion filed January 19, 1937.

HADLEY, WEAVER & WOODWARD, of Wheaton, and WILLIAM LEVINE, of Chicago, for appellant.

ARNE B. HUMMELAND, of Chicago, for appellee; CLYDE L. TODD, of Chicago, of counsel.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

Appellant issued its policy of insurance to the Hartliep Transit Company, a corporation of the State of Iowa, with its principle place of business located in Sioux City, covering some 17 or more trucks which the transit company used in the conduct of its business. The policy was countersigned by the authorized agent of appellant, at Sioux City on January 10, 1935, and delivered to the assured.

One of the transit company's trucks had a collision with a car in which Barton Snow and Cornelia, his wife, were riding, on February 12, 1935, in DuPage county, Illinois. These parties brought suit against the transit company, which resulted in judgments in their favor, totaling $25,000. Appellant herein defended that case under a reservation of rights wherein it claimed that at the time of the accident, the

transit company was operating the truck in territory not covered by the policy.

This present suit was brought by Snow and wife by way of a garnishment action as judgment creditors, for their use and in the name of the insured, to enforce the terms of the policy against appellant and compel payment of the aforesaid judgments. The policy had a maximum liability of $40,000.

This cause was heard before the court and a judgment entered in favor of the transit company for the use and benefit of Snow and wife. Appellant urges that the policy of insurance was obtained by fraud and misrepresentation on the part of the assured. Other points are assigned which we do not deem it necessary to consider in the disposition of this case.

Appellant claims that the transit company in making application for the policy of insurance herein represented that the truck involved in this accident was a truck devoted to transportation of freight through rural sections of Iowa, and that it was not represented as one of the number of trucks used for transportation purposes to Chicago. It charges that the premium on such policy was determined by the hazard involved, and that the hazard involved was determined by the territory in which the trucks were to be operated. Fraud is thus charged in the procurement of the policy, based upon the alleged misrepresentation with reference to the operation of the truck in question. Appellant claims that it was caused to issue the policy because of such fraudulent misrepresentation, and that otherwise the contract would not have been entered into. The trial court in its remarks on this question stated that assuming this to be a proper defense, he did not consider it sufficiently proven to void the policy.

No application made by the transit company with reference to the issuance of the policy in question is

attached thereto. The terms of the policy in nowise limit the operation of the various trucks therein listed, other than within the limits of the United States and Canada. Appellee takes the position that the policy of insurance was an Iowa contract, and under the statutes of that State (1935 Code, secs. 8974 and 8975, ch. 404), if true copy of any application or representation of the insured is not attached to the policy, the insurance company shall be precluded from pleading, alleging or proving the falsity of any such application or representation, as a defense to any action under such policy. These sections of the Iowa statute have been applied in the cases of *Hemmings v. Home Mut. Ins. Ass'n of Iowa,* 199 Iowa 1311, 203 N. W. 818; *Bukowski v. Security Benefit Ass'n of Kansas,* — Iowa —, 261 N. W. 723; and *Kirkpatrick v. London Guarantee & Accident Co.,* 139 Iowa 370, 115 N. W. 1107. Where a statute of another State has received a construction by the highest court of that State, such construction will ordinarily be adopted in the courts of this State. *Bell v. Farwell,* 176 Ill. 489, 494.

The general rule is that a contract of insurance is deemed to be executed at the place where the last act is done which is necessary to make the same binding upon the parties, and if the policy does not become binding until countersigned by the authorized agent at the place of delivery, or not binding until delivery to the assured, the place of delivery is considered the place of the contract. *McElroy v. Metropolitan Life Ins. Co.,* 23 L. R. A. (N. S.) 968; Bacon, Life and Accident Ins. (4th ed.) p. 332; *Orient Ins. Co. v. Rudolph,* 69 N. J. Eq. 570, 61 Atl. 26; *Hardiman v. Fire Ass'n of Philadelphia,* 212 Pa. 383, 61 Atl. 990; *Northwestern Mut. Life Ins. Co. v. McCue,* 223 U. S. 234, 56 L. Ed. 419. Another general rule in the construction of contracts in matters affecting their validity and the rights of the parties is that they are governed by the law of

the place where the contract is made, at the time of the making thereof, and that such law is as much a part of the contract as if incorporated therein. This rule prevails in the absence of any agreement of the parties to the contrary. *Gaston, Williams & Wigmore of Canada v. Warner,* 260 U. S. 201, 67 L. Ed. 211.

The transit company was an Iowa corporation operating a fleet of trucks out of Sioux City. Appellant had notice that some of the trucks from time to time were routed to or through Chicago. Foreign insurance companies, as well as other foreign corporations, cannot enter a State and establish authorized agencies for the solicitation and transaction of business, as a matter of legal right, but by comity, and such corporations are held subject to the same statutory restrictions, duties and measures as exist in such State for the conduct of similar domestic corporate enterprises. Foreign corporations are not permitted to thus come into a State and assert rights in contravention of the laws thereof. It is a matter of general knowledge that the various States have enacted laws relative to the licensing of foreign insurance companies to transact business therein, and as a matter of public policy such companies under such circumstances, having authorized agents to solicit business, must be held to transact such business under the laws of the State where the policy is sold. Any other rule would not only lead to confusion and uncertainty, but would permit a foreign insurance company to enter a State, establish agencies, and transact business in violation of the laws of such State.

It appears that the final act which took place to make the contract binding upon the parties in this case, occurred in Sioux City, Iowa, where the premium was paid, the policy countersigned by appellant's authorized agent, and delivered to the assured. The policy provides that the same shall be signed by the president and secretary and countersigned by a

duly authorized agent of the company. Another portion of the policy is to the effect that all provisions therein which are in conflict with the statutes of the State wherein the policy is issued, are understood and declared and acknowledged by the company to be amended to conform to such statutes. This is a recognition by appellant that its contracts of insurance are subject to the laws of the State wherein they are sold.

From an examination of the record and policy, we are of the opinion it is an Iowa contract, and as a matter of comity, the laws of that State must control. It is conceded that under such circumstances the appellant cannot defend on the ground of fraud in the procurement of the policy, because of the fact that no true copy of any application or representation of the insured upon which the policy issued, was attached to and made a part of the contract, and that by force and effect of the statute of Iowa, the appellant is precluded from interposing such defense in any action thereon.

The judgment of the trial court is therefore affirmed.

*Judgment affirmed.*

Supplemental Opinion Upon Petition for Rehearing.

The appellant has filed its petition for rehearing, insisting that this court misapprehended the statute of Iowa in holding the same constituted substantive rights between the parties, and urging the statute of that State precluding an insurance company from pleading, alleging, or proving the falsity of an application, when the same is not attached to the policy, relates only to matters of procedure and remedy, and that the courts of Iowa have so construed such statutes. Neither time nor propriety permits this court to unduly extend its opinions in a detailed discussion of all the various legal questions involved in a case, yet a clear and concise statement of facts and the rules or principles of law applied thereto, is always desired.

The insistence of appellant that the law of Iowa relates only to form and procedure and creates no substantive rights has prompted a further statement and discussion of the rule as applied by this court in the disposition of this case.

The distinction between the right of an insurer to set up a defense upon a provision contained in the policy itself, and the right to set up a defense based upon an alleged fraudulent representation claimed to have been made in the application, when such is not attached to the policy, must not be confused. The former rule is clearly expressed in the case of *Washington Fidelity Nat. Ins. Co. v. Burton,* 287 U. S. 97, 77 L. Ed. 196, 87 A. L. R. 191 (with annotations, p. 194); and the latter, in the case of *John Hancock Mut. Life Ins. Co. v. Yates* (U. S. Supreme Court, L. Ed., Adv. Op. Vol. 81, No. 3, p. 110). These two cases clearly distinguish between defenses based upon a condition contained in the policy, and one sought to be interposed, based upon a fraudulent representation claimed to have been made in an application therefor, when such application was not attached to the policy, and the statutes of the State where the policy was sold prohibit the interposing of such defense.

An omission to attach the application to the policy contract, "while not invalidating the policy shall serve to preclude the insurance company from pleading, alleging, or proving such application or representations or the falsity thereof." *Rauen v. Prudential Ins. Co.* (1906), 129 Iowa 725, 729. The court further states on p. 731, that when the application is not attached, "the policy should be treated, construed, and enforced as if no written application had been made." Again on p. 735, it is said: "The denial of the right to plead or prove such extrinsic matter, is not in any proper sense a 'penalty' for failing to comply with the statute, for the company has a perfect right to waive or forego

any advantage it could derive from an embodiment of the application in the policy. It issues its policy with the statute in view, and, failing to do that which by the terms of the statute is necessary to allow the application to have any 'bearing' on the rights of the parties, the contract stands as if the omitted writings never existed.''

It is further held in *Dixon v. Northwestern Nat. Life Ins Co.* (1920), 189 Iowa 1268, 179 N. W. 885, that in soliciting insurance in Iowa, from a resident of said State, and in delivering the policy to the insured in Iowa, the company was doing business in said State within the meaning of the statute, and that its failure to attach a copy of the application to the policy exposed it to the same restrictions in pleading and proving its defenses as would be applicable were the insurer an Iowa corporation. The court holding in that case that no foreign insurance company could lawfully do business in Iowa except with the consent of that State, and when doing such business, such company was bound by the same rule and limitations which the statute of the State prescribed for home companies engaged in like or similar business. At p. 888 (179 N. W.), the court used the following language: ''The appellant seeks by its answer and so called counter-claim to avoid every restriction found in this statute, and proposes, notwithstanding the law forbidding it, to allege, plead, and prove, not only the existence of such application, but to allege, plead, and prove its falsity, and because thereof to escape performance of its contract. We are not concerned at this point with the wisdom or abstract justice of the provision. Its validity is unquestionable. As has been said by this court on other occasions: 'Foreign insurance companies are not compelled to do business in this state. If they voluntarily choose to do so, however, they must submit to such conditions and restrictions as the legisla-

ture may see fit to impose.' (*Nelson v. Insurance Company*, 110 Iowa 604, 81 N. W. 808.) The requirement that their policies shall have copies of the applications therefor attached or endorsed thereon, is not a burdensome one, and, if they fail to observe such simple regulation, they cannot justly complain of the consequences which the statute attaches to such neglect.''

It is stated in our opinion that the application was not attached to the policy, and that under such circumstances the statute of Iowa prohibited the interposing of any defense based upon alleged false representations made therein. It was held that the appellant was thereby precluded from making such defense. It was further pointed out that so far as the body of the policy itself is concerned, it restricts the assured in the operation of his trucks, only to the limits of the United States and Canada.

An exhaustive review of some thirty or more Iowa cases upon the question here involved will be found in 93 A. L. R. at pp. 383 and 384. An examination of those cases clearly discloses that under the Iowa statute, appellant was required to attach to or indorse upon the policy, a true copy of the application therefor as made by the assured, and that its failure so to do forever precluded it from pleading, alleging, or proving the falsity of such application or any representation made therein, as a defense to any action under the policy, and that this has been the consistent holding of the courts of that State.

The petition for rehearing is therefore denied.

*Petition for rehearing denied.*