John R. Gray, Appellee, v. The Penn Mutual Life Insurance Company of Philadelphia, and Melvin A. Krauss, Appellants.

Gen. No. 46,556.

First District, First Division.

April 18, 1955.

Released for publication May 23, 1955.

Alan R. Johnston, and Wesley G. Hall, both of Chicago, for appellants; Johnston, Thompson, Raymond & Mayer, of Chicago, of counsel.

McKinney, Carlson, Barnes & Smalley, of Chicago, for appellee; C. Oscar Carlson, John H. Smalley, and Spencer E. Irons, all of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Defendants appeal from a decree entered upon a stipulation of facts and points of law at issue pursuant to Rule 48 of the Supreme Court setting aside and canceling a Beneficiary Designation dated January 31, 1948 purporting to vest the right to make further changes of beneficiary and to exercise all privileges of ownership in a life insurance policy issued by defendant The Penn Mutual Life Insurance Company of Philadelphia (hereinafter called the insurer) upon the life of plaintiff, in Edna A. Fonyo, mother of the insured, while living, thereafter in the defendant Melvin A. Krauss, friend of the insured, while living, and thereafter in the insured, and setting aside and canceling as to plaintiff a loan granted by insurer to Krauss upon the security of the policy.

Insurer, a Pennsylvania corporation, has at all times material to the determination of this appeal had its principal or home office at Philadelphia. At all times material herein, insurer had agents in Chicago, Illinois authorized to take and receive applications for life insurance and for changes in policies previously issued, but did not at any time material herein have an agent in Chicago authorized to pass upon and approve applications for insurance or for changes in policies previously issued. All instruments in writing hereinafter mentioned, beginning with the initial application for insurance dated September 10, 1925, to and including the Beneficiary Designation dated January 31, 1948,

signed by plaintiff and his mother or by one of them, were signed in Chicago and received there by the Chicago agent of the insurer (hereinafter called Chicago agent) and transmitted by it to insurer in Philadelphia, where they were accepted and approved. All policies of insurance hereinafter mentioned were signed by the proper officers of insurer at its home office, transmitted to its Chicago agent and by it delivered to plaintiff and his mother in Chicago.

On application of plaintiff dated September 10, 1925 insurer issued its 20-payment life plan policy of insurance for $10,000 on the life of plaintiff. It was dated September 14, 1925 and numbered 1 187 457. It is hereinafter referred to as policy No. 1. Plaintiff signed and delivered to the Chicago agent a Transfer dated August 10, 1927 whereby he changed the beneficiary of policy No. 1 to his executors, administrators or assigns, and surrendered, assigned, transferred and set over all right, title and interest whatsoever in policy No. 1 to the insurer in consideration of receiving from insurer two new policies, each for $5,000, and having the same privileges and conditions as if issued on September 14, 1925—one policy to be on the 20-payment life plan, the other on the 20-payment life plan, with disability feature and double indemnity. Pursuant to the terms of the Transfer, insurer issued and delivered to plaintiff at Chicago two policies for $5,000 dated August 31, 1927 and numbered respectively, 1 187 457 (the number of policy No. 1) and 1 153 575. Policy numbered 1 187 457 was later surrendered and canceled and is not material to this appeal. Policy numbered 1 153 575, hereinafter referred to as policy No. 2, was a 20-payment life plan policy, with disability and double indemnity benefits. Endorsed on the face was the following: "This Policy is issued in the place of one-half of one bearing No. 1 187 457 and dated September 14, 1925, which Policy has been released and

cancelled, and this new Policy is to have the same privileges as if issued September 14, 1925."

Plaintiff signed and delivered to the Chicago agent a second Transfer, dated January 1928, similar in form to the first Transfer, whereby plaintiff surrendered, assigned, transferred and set over all right, title and interest whatsoever of, in and to policy No. 2 to the insurer "in consideration of receiving from the said Company a new policy for $5,000 on the Twenty-payment Life Rate Endowment Plan, Disability Feature providing for waiver of premiums and annuity payments; also Double Indemnity, bearing the same number as the Policy hereby surrendered, and having the same privileges and conditions as if issued on September 14, 1925." Pursuant to the terms of this Transfer the insurer issued and delivered to plaintiff a policy, hereinafter called policy No. 3, dated January 16, 1928, numbered 1 153 587 and endorsed as follows: "This policy is issued in the place of one bearing the same number and dated August 31, 1927, which policy has been released and cancelled, and this new policy is to have the same privileges as if issued September 14, 1925."

Plaintiff signed and delivered to the Chicago agent an Absolute Assignment dated May 16, 1939 whereby he assigned to his mother all right, title and interest in policy No. 3. All premiums payable on the policy were duly paid and it became a fully paid-up policy on September 14, 1944. All premiums paid on that policy and all prior policies were paid by the mother of plaintiff. Thereafter she signed and delivered to the Chicago agent a Beneficiary Designation dated January 31, 1948, reciting in section one, entitled "Ownership and Change of Beneficiary," that the right to make further changes of beneficiary and to exercise all privileges of ownership in policy No. 3, "including any loan or surrender right, is vested in Edna A. Fonyo, mother of the insured, while living, thereafter in Melvin A.

Krauss, of 135 South La Salle Street, Chicago, Illinois, friend of the insured, while living, thereafter in the insured."

The mother of plaintiff died at Chicago, Illinois, December 29, 1950. January 22, 1951 the insurer loaned to defendant Krauss, on the security of policy No. 3, $2,390, the cash surrender or loan value of the policy on that date. February 23, 1951 Krauss assigned to plaintiff all his right, title and interest in the policy. On learning that the loan to Krauss was standing against the policy, plaintiff brought suit to have the loan declared null and void as against him and as a lien on the policy.

It is unnecessary to detail the points of law at issue between the parties. The decree sets aside and cancels the Beneficiary Designation dated January 31, 1948, and sets aside and cancels as to plaintiff the loan to Krauss and reinstates, adjudges and decrees policy No. 3 to be a valid and subsisting policy, free and clear of any right or claim or interest of Krauss, and free and clear of any lien of the loan by the insurer to Krauss. The question on appeal is, Did the Beneficiary Designation dated January 31, 1948 vest in Krauss the right to borrow on the policy after the death of plaintiff's mother?

Krauss never had an insurable interest in the life of plaintiff. Plaintiff contends that the policies of insurance and the Beneficiary Designation are governed by the law of Pennsylvania and that under the law of that State an assignment of an insurance policy to a person without an insurable interest is void. Defendants' position is that these instruments are governed by the law of Illinois, under which assignments to persons without an insurable interest are valid. The Illinois law as to the law governing the validity and effect of contracts is stated in Hartliep Transit Co. v. Central Mut. Ins. Co. of Chicago, 288 Ill. App. 140, where the court said:

547

"The general rule is that a contract of insurance is deemed to be executed at the place where the last act is done which is necessary to make the same binding upon the parties, and if the policy does not become binding until . . . delivery to the assured, the place of delivery is considered the place of the contract. (Authorities cited.) Another general rule in the construction of contracts in matters affecting their validity and the rights of the parties is that they are governed by the law of the place where the contract is made, at the time of the making thereof, and that such law is as much a part of the contract as if incorporated therein. This rule prevails in the absence of any agreement of the parties to the contrary. Gaston, Williams & Wigmore of Canada v. Warner, 260 U. S. 201, 67 L. Ed. 211."

The application, dated September 10, 1925, attached to and made a part of policy No. 1, provided that "If the premium on the insurance herein applied for is not paid at the time of making this application, the contract of insurance shall not be in force unless or until a policy shall be issued and delivered to me and the first premium thereon actually paid during my lifetime and good health." No premium was paid at the time of making the application. The first premium was paid and the policy delivered in Chicago on or about November 12, 1925. These acts, necessary to make the policy binding on the parties, were performed in Illinois, and the validity and effect of policy No. 1 is governed by the laws of this State.

As shown by the endorsement thereon, policy No. 2 was issued in place of one-half of policy No. 1 and was to have the same privileges as if issued September 14, 1925, the date of policy No. 1. Policy No. 2 was a 20-payment life plan policy, like policy No. 1, with the added provision for disability and double indemnity, for which additional premiums were paid. Policy No. 3 w. ; issued in place of policy No. 2 and was to have the

548

same privileges as if issued September 14, 1925. It was given the same number as policy No. 2, the only material change being from a 20-payment life plan to a 20-payment life rate endowment plan. The premium to be paid remained the same. Plaintiff alleges in his complaint that policy No. 3 "is a continuation of the same contract of insurance" as policy No. 2. If that be true, policy No. 2 was a continuation of policy No. 1. Attached to and made a part of policies 2 and 3 was a copy of plaintiff's application, dated September 10, 1925, upon which policy No. 1 was issued. The annual premiums paid on policies 1 and 2 were credited on policy No. 3, making it mature and becoming a fully paid-up policy on September 14, 1944—twenty full premiums having been paid.

■■■ The contract of insurance evidenced by policy No. 1 never lapsed. The surrender and assignment of policies 1 and 2 did not become effective until plaintiff received the new policy issued in place of the policy being surrendered and assigned. Policies 2 and 3 were continuations of policy No. 1, and the law of Illinois is controlling. Aetna Life Ins. Co. v. Dunken, 266 U. S. 389. The fact that in the case cited an option to convert to other types of coverage was reserved in the first policy, is immaterial. If policy No. 3 be considered as a new contract, separate and independent of policies 1 and 2, it is, nevertheless, covered by the law of Illinois, where the last act necessary to make the transfer effective—receipt of the policy by the insured—took place. Furthermore, the Beneficiary Designation, insofar as it is effective as an assignment of the policy, is a contract separate and apart from the policy of insurance and is governed by the law of the place where the assignment was made. New York Life Ins. Co. v. Dunlevy, 214 Fed. 1. The Beneficiary Designation was executed at Chicago, Illinois. The provision of the policy requiring notice of an assignment before it shall become binding on the insurer, is for the bene-

fit of the insurer. Equitable Life Ins. Co. of Iowa v. Mitchell, 248 Ill. App. 401; Mutual Benefit Life Ins. Co. v. Swett, 222 Fed. 200. The failure to give notice does not affect the force or validity as against the assignor of any contract between him and the third person as to the ultimate receipt and enjoyment of the proceeds of the policy. Phoenix Mut. Life Ins. Co. of Hartford v. Reich, 75 F. Supp. 886; Petty v. Mutual Benefit Life Ins. Co., 235 Iowa 455, 15 N.W.2d 613, 616; Cornell v. Cornell, 54 N.Y.S.2d 434, 436.

The policies of insurance and the Beneficiary Designation are Illinois contracts, governed by the law of Illinois. The transfer of ownership of an insurance policy to persons without an insurable interest is valid in Illinois. Hawley v. Aetna Life Ins. Co., 291 Ill. 28, 31–33; Colgrove v. Lowe, 343 Ill. 360, 363.

The parties disagree as to the law in Pennsylvania. Each cites and discusses Werenzinski v. Prudential Ins. Co. of America, 339 Pa. 83, 14 A.2d 279, where the court had under consideration an assignment of a life insurance policy to a person without an insurable interest in the life of the insured who thereafter paid the premiums on the policy. Our attention has not been directed to any Pennsylvania case in which, as in the instant case, an assignment was made to a person without an insurable interest who did not thereafter pay the premiums. We presume there is none. However, the court in the Werenzinski case distinguished between assignments to persons without an insurable interest, where the assignee thereafter paid the premiums, and where he did not pay them. In speaking of assignments where the assignee did not thereafter pay the premiums, the court (as plaintiff says in his brief) stated the law upon the question, as follows (p. 85):

"There are two propositions so well established both by decision and statute that there can be no doubt in regard to them. The first is that a person may

550

take out a policy of insurance on his own life and name as beneficiary whomsoever he pleases, regardless of whether or not such beneficiary has an insurable interest, or, having taken out a policy, he may assign it to one without an insurable interest, provided, in either event, the insured continues at all times to pay the premiums; under such circumstances no question arises of a wagering contract obnoxious to public policy."

Although this statement is dictum, it is judicial dictum rather than mere obiter (Scovill Mfg. Co. v. Cassidy, 275 Ill. 462) and points out the absence of the vice which renders assignments to persons without an insurable interest, who thereafter pay the premiums, obnoxious to public policy in the few states, including Pennsylvania, in which such assignments are held to be void. We cannot concur in plaintiff's contention that the assignment to Krauss is void under the law of Pennsylvania.

Plaintiff contends that Krauss acquired nothing under the Beneficiary Designation and that only he, as the insured, could change the beneficiary of the policy. The right to change the beneficiary is not material in this case. In determining the interest of Krauss in the policy we need inquire only as to his right to borrow on it. He did not exercise or attempt to exercise any other right or interest in the policy. He has divested himself of all right, title and interest in it by his assignment to plaintiff. The right to borrow is ordinarily an incident of ownership under the terms of the policy and not a right vested in a beneficiary, except by an unusual and special grant of the right. The effect of the Beneficiary Designation cannot be determined by the title given it. The rights acquired by Krauss are governed by the terms of that instrument and the assignment made by plaintiff to his mother. Plaintiff assigned to her all his right, title and interest in the policy, and further expressly agreed

that as his assignee she could "at any time, in his own name and for his own benefit and without the joinder of anyone, borrow upon, surrender or assign" the policy. This authorized a further assignment by his assignee. Mutual Benefit Life Ins. Co. v. Swett, 222 Fed. 200, 206. Plaintiff cannot question the right of his assignee to make a further assignment of the policy. The insurer does not question it. No particular language or form is essential to a policy assignment. The printed form, entitled Beneficiary Designation, furnished by the insurer, provided for a statement of ownership of the policy. As signed by plaintiff's mother and accepted and approved by the insurer, it read: "The right to make further changes of beneficiary and to exercise all privileges of ownership in each policy named above and any supplemental agreement attached thereto, including any loan or surrender right, is vested in *Edna A. Fonyo, mother of the insured, while living, thereafter in Melvin A. Krauss, of 135 South La Salle Street, Chicago, Illinois, friend of the insured, while living, thereafter in the insured.*" (Italics indicate language inserted by typewriter.) This language clearly indicates an intent to assign to and vest in Krauss, while living, all rights of ownership in the policy, "including any loan or surrender right," effective on the death of the signer. It is in effect an assignment of the policy, with full right to borrow on it, and was so construed and acted upon by the insurer. At the time the insurer made the loan to Krauss, plaintiff had divested himself of all right, title and interest in the policy and had no more standing in the premises than a stranger. State Mut. Life Assur. Co. of Worcester, Mass. v. Webster, 148 F.2d 315.

Plaintiff cites no cases in support of his contention that the assignment of the policy is testamentary in character and therefore void because not executed in conformity with the statute relating to wills.

552

Defendants cite in opposition the cases of Mutual Benefit Life Ins. Co. v. Ellis, 125 F.2d 127, and Kansas City Life Ins. Co. v. Rainey, 353 Mo. 477, 182 S.W.2d 624. The principles stated in these cases are applicable to the instant case. The assignment to Krauss is not testamentary in character.

The decree is reversed and the cause is remanded with directions to dismiss the complaint for want of equity.

Reversed and remanded with directions.

BURKE, P. J. and FRIEND, J., concur.