Cary E. POWELL, Sr., Administrator of the Estate of Sandra L. Powell, Deceased, and Widower of the Deceased, Plaintiff,

v.

Dr. Ruth KULL, Reid-Provident Laboratories, Inc., et al., Defendants.

Civ. A. No. 70-215.

United States District Court,
M. D. Pennsylvania.

Nov. 17, 1971.

Thomas C. Raup, Williamsport, Pa., for defendant Smith, Kline & French, Inc.

Robert James Wollet, Williamsport, Pa., for defendant Invenex Pharmaceuticals.

T. Max Hall, McNerney, Page, Vanderlin & Hall, Williamsport, Pa., for defendant Direct Sales Labs, Inc.

No appearance for defendant Durst, Inc.

Candor, Youngman, Gibson & Gault, Williamsport, Pa., for plaintiff.

Greevy, Knittle & Mitchell, Williamsport, Pa., for defendant Dr. Ruth Kull.

Henry G. Hager, III, Stuart, Murphy, Hager & Smith, Williamsport, Pa., for defendant Reid-Provident Laboratories, Inc.

Furst, McCormick, Lynn, Reeder & Nichols, Williamsport, Pa., for defendant Parke, Davis & Co.

John R. Lenahan, Scranton, Pa., Thomas S. Quinn, Williamsport, Pa., for defendant Walker Corp. & Co., Inc.

Schnader, Harrison, Segal, & Lewis, by Bernard J. Smolens, Philadelphia, Pa., for defendant Eli Lilly Co.

## OPINION

MUIR, District Judge.

This matter is before the Court on Defendant Parke, Davis & Company's Motion for Leave to Implead Walker Corp. & Co., Inc. and Direct Sales Labs, Inc. as Third-Party Defendants. By our Opinion and Order of July 9, 1971, D.C., 329 F.Supp. 193, we granted 12(b) (1) motions filed on their behalf as defendants because of the lack of diversity jurisdiction. The issue now before the Court is whether they may be joined as Third-Party Defendants under F.R.Civ. P. 14.[1]

1. Rule 14(a) reads as follows:

"(a) *When Defendant may Bring in Third Party.* At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action. The person served with the summons and third-party complaint, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in Rule 12 and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13. Any party may move to strike the third-party claim, or for its severance or separate trial. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him

■ F.R.Civ.P. 14 provides that, in the present circumstances, with leave of court,[2] "a defending party * * * may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.*" (Emphasis supplied). The grant or denial of a motion to implead an additional party is discretionary with the court.

■ If the motion were granted, there is a probability of confusion on the part of the jury. This wrongful death action involves alleged malpractice by a physician and products liability on the part of numerous drug manufacturers. Without the joinder, the case is complicated enough.

The motion will be denied.

for all or part of the claim made in the action against the third-party defendant. The third-party complaint, if within the admiralty and maritime jurisdiction, may be in rem against a vessel, cargo, or other property subject to admiralty or maritime process in rem, in which case references in this rule to the summons include the warrant of arrest, and references to the third-party plaintiff or defendant include, where appropriate, the claimant of the property arrested."

2. Defendant Parke, Davis served its original Answer on July 10, 1971. More than 10 days having elapsed before September 28, 1971 when Parke, Davis & Co. presented its Third Party Complaint, leave of court is required under F.R.Civ. P. 14(a).