Robert COLTON, Plaintiff,

v.

John B. SWAIN et al., Defendants
and Third Party Plaintiffs,

v.

PACIFIC INDEMNITY COMPANY, a
corporation, Third Party Defendant.

No. 73 C 37.

United States District Court,
N. D. Illinois.

April 24, 1973.

**860**

David P. Schippers and Michael J. McArdle Schippers, Betar, Lamendalle & O'Brien, Chicago, Ill., for plaintiff.

John Bowman, State's Atty. for Du Page County, Wheaton, Ill., for John B. Swain and others.

Jay S. Judge, Chicago, Ill., for Pacific Indemnity Co.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the third party defendant's motion to strike and dismiss the third party complaint.

The complaint in the instant action sets forth a claim for redress of an alleged civil rights violation pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343. The plaintiff is Robert Colton, a citizen of the United States and a resident of Naperville, Illinois. The defendants are John B. Swain, Gerald Smithson, Elmer P. Alsip, Paul Sahs, Clyde Motter, Daniel Leonard, Allen MacKechie, and Edwin Simpson, all of whom during the time in question were duly appointed and acting police officers and deputy sheriffs of the Du Page County Sheriff's Office.

In the complaint the plaintiff alleges, *inter alia*, the following facts:

1. On or about May 25, 1972 the plaintiff was peaceably conducting himself in Naperville, Illinois.

2. The defendants were all acting under the color of state law and the scope of their employment as deputy sheriffs of Du Page County, Illinois.

3. Each of the defendants menaced and threatened the plaintiff with firearms. The defendant John B. Swain, set upon, pushed and pummelled the plaintiff, threw him to the ground and struck him repeatedly with a blackjack. Then each of the defendants kicked, beat and viciously attacked the plaintiff with their feet and hands inflicting injury to the plaintiff. The plaintiff was then dragged and pushed into the County Jail by the defendants.

4. At the jail, the plaintiff was searched and found to be in possession of certain drugs which had been prescribed by a duly licensed physician as medication for the plaintiff's epilepsy.

5. The defendant was falsely and without probable cause charged with the following crimes:

   a) criminal damage to property of the County of Du Page;

   b) unlawful possession of a controlled substance; and

   c) obstructing a police officer in the performance of his duties.

Thereafter the Office of the State's Attorney of Du Page County chose not to prosecute the plaintiff for the first two offenses listed above, and the plaintiff was

found not guilty of the third offense and discharged on August 15, 1972.

The plaintiff claims that the above described actions of the defendants deprived him of his civil rights in violation of 42 U.S.C. § 1983. The plaintiff seeks damages in the amount of $50,000 plus the cost of maintaining the instant suit.

The defendants have filed a third party complaint pursuant to Rule 14 of the Federal Rules of Civil Procedure against Pacific Indemnity Company ("Pacific"), the third party defendant. The third party plaintiff seeks a declaration of the respective rights and duties regarding the comprehensive general liability insurance policy issued to them; an injunction requiring Pacific to assume the defense of the third party plaintiffs; to pay for any damages which may result from the instant action, plus the cost of defending this action. The defendants in the third party complaint allege the following facts, *inter alia:*

1. On or about May 25, 1972 there was in full force and effect a certain policy of comprehensive general liability insurance, number LI 20930, issued by the third party defendant Pacific to the County of Du Page, Illinois.

2. The insurance policy provides, in relevant part:

   a) Each of the following is an insured under this insurance to the extent set forth below: . . .

   (b) any elected or appointed official, or any employee of the named insured while acting within the scope of his ·duties as such;

   . . . .

   b) The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of A. Bodily injury . . . to

which this insurance applies caused by an occurrence and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury . . . even if any of the allegations of the suit are groundless, false or fraudulent.

c) The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury sustained by any person . . . and arising out of (A) false arrest, detention or imprisonment or malicious prosecution, . . . (C) wrongful entry or eviction, or other invasion of the right of private occupancy; if such offense is committed during the policy period within the United States of America, its territories or possessions, or Canada, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such personal injury even if any of the allegations of the suit are groundless, false or fraudulent. . . .

3. The defendants in the instant civil rights action are covered by Pacific's insurance policy and Pacific should defend the action · and, if necessary, pay any judgment entered by this Court.

4. The third party defendant Pacific has failed and refused to undertake the defense of the defendants and provide the coverage which is contracted for in the insurance policy.

Pacific Indemnity Company, the third party defendant, in support of its motion to strike and dismiss the third party complaint, contends:

1. The policy of insurance upon which the third party plaintiffs

rely provides that the insured may not maintain an action against the company until a final judgment has been rendered against the insured.

2. This Court is bound by *Erie* and must follow the substantive law of Illinois which does not permit direct action against the insurer before liability is established against the insured.

3. The policy provides coverage for false arrest, detention or imprisonment or malicious prosecution and the original complaint is for a unique cause of action called a civil rights action pursuant to 42 U.S.C. § 1983.

4. Rule 14 is designed to avoid circuity of action, to speed and expedite the hearing of cases and this third party complaint would only slow the proceedings of the original cause of action.

5. Rule 14 is designed to find economy by combining proceedings and no economy would be gained in this case.

6. Rule 14 is to be applied judiciously so as to avoid delay and confusion.

7. The insertion of the third party defendant insurance carrier will serve only to interject prejudice in the instant case.

The third party plaintiffs contend that the instant motion is without merit.

It is the opinion of this Court that the third party defendant's motion to strike and dismiss the third party complaint should be denied.

I. THE INSTANT THIRD PARTY COMPLAINT IS PROPER AND APPROPRIATE UNDER RULE 14 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

The third party defendant contends that the third party complaint is not proper because it violates: (a) the no action clause of the insurance contract,[1] (b) the Illinois prohibition against direct action against an insurer, and (c) the spirit of speed and economy of cases on which Rule 14 is predicated and because it may interject prejudice in the instant case.

■ It is well settled that a no action clause in an insurance policy similar to the one in dispute in the instant action is not a bar to a third party complaint against the insurer. Vaughn v. United States, 225 F.Supp. 890 (W.D.Tenn. 1964); Jordan v. Stephens, 7 F.R.D. 140 (W.D.Mo.1945). The object of Rule 14 is to facilitate litigation, to save costs, to bring all of the litigants into one proceeding, and to dispose of an entire matter without the expense and labor of many suits and many trials. For this Court to give effect to such a no-action clause would merely result in a duplication of litigation and place additional burdens on an already over burdened court system. Further, since the third party defendant has allegedly breached its contract by refusing to defend the third party plaintiff, the third party defendant should not be permitted to interpose as a bar to this action the contractual provisions of a contract it has allegedly repudiated.

■ The Illinois prohibition against direct action against an insurer is not a bar to a third party complaint

---

1. The "no action" clause of the insurance contract reads:

5. Action Against Company: No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

under Rule 14. Since the original complaint alleges a federal cause of action based on violations of a federal statute, the third party complaint is ancillary to the primary claim and not necessarily dependent on state law or policy for its determination. See Revere Copper and Brass Incorporated v. Aetna Casualty and Surety Company, 426 F.2d 709 (5th Cir. 1970). Further, federal courts have allowed third party complaints under Rule 14 regardless of state policy based on the federal procedural policy of efficiency in litigation. See Pucheu v. National Surety Corporation, 87 F.Supp. 558 (W.D.La.1949). Federal courts have generally allowed third party complaints against insurers in actions brought under federal question jurisdiction. Taggert v. United States, 262 F. Supp. 572 (D.C.Pa.1967); Barker v. United States, 233 F.Supp. 455 (D.C. Ga.1964); Nistendirk v. United States, 225 F.Supp. 884 (D.C.Mo.1964). The instant third party complaint is not a *direct* action against an insurer but rather a means of combining a number of related law suits in a manner which will not only economize on court time but also the time, effort and expense of all the litigants. Thus the third party complaint neither violates Illinois policy nor controvenes the purpose of Rule 14 in that it will provide speedy, efficient and complete litigation of an entire controversy. Further, this ruling is within the Court's sound discretion and the general policy that Rule 14 be liberally construed. Southern Railway Co. v. Fox, 339 F.2d 560 (5th Cir. 1964); Thomas v. Malco Refineries Inc., 214 F.2d 884 (10th Cir. 1954); Gateway Realty Co. v.

Carri-Craft, Inc., 53 F.R.D. 303 (D.C. Mo.1971); Powell v. Kull, 53 F.R.D. 380 (D.C.Pa.1971).

The third party defendants contend that the interjection of the third party insurance carrier will only serve to impose prejudice in the trial of the instant action. It is the opinion of this Court that the third party defendant has failed to present a clear case of prejudice and that if Pacific does, in the future, make a showing of prejudice this Court can and will quickly remedy the situation.

II. THE DEFENDANTS' ALLEGED VIOLATION OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983 IS NOT EXCLUDED PER SE FROM COVERAGE UNDER THE INSURANCE POLICY IN QUESTION.

The third party defendant contends that the insurance policy in question does not cover the unique constitutional tort[2] of a civil rights action pursuant to 42 U.S.C. § 1983. The insurance policy does not specifically include or exclude from coverage a tort based on federal civil rights violations.

After examining the pleadings it is clear to this Court that the plaintiff Robert Colton could have brought the instant action as either a civil rights violation, as he did, or as a tort action for false arrest, false imprisonment and malicious prosecution.[3]

The crux of the plaintiff's complaint is that the defendants under the color of state law deprived the plaintiff of his constitutional rights by com-

2. The Civil Rights Act should be read against the background of tort liability that makes a man responsible for the natural consequences of his action. Monroe v. Pope, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). While it was never the purpose of the Civil Rights Act to superimpose the entire tort common law upon the Act, it is quite clear that there is common ground where an alleged tortious act can be both a common law tort and a civil rights violation. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Jenkins v. Meyers, 338 F.Supp. 383 (N.D.Ill.1972).

3. A reading of the plaintiff's complaint clearly demonstrates that the plaintiff's claim sounds in the common law torts of false arrest, false imprisonment and malicious prosecution as well as a federal civil rights action. See e. g., Freides v. San-Mode Manufacturing Company, 33 Ill.2d 291, 211 N.E.2d 286 (1965); McKendree v. Christy, 29 Ill.App.2d 195, 172 N.E.2d 380 (1961).

mitting the common law tort of false arrest, false imprisonment, and malicious prosecution. A tort action for false arrest, false imprisonment and malicious prosecution would be covered by the insurance policy. Thus the plaintiff's exercise of his option to proceed with the instant action under the Civil Rights Act rather than as a common law tort action (which would definitely be covered by the insurance policy) should not operate to inflict a penalty on defendants and deny them insurance coverage. Further, it is a long established policy of federal courts to liberally construe insurance contracts in favor of the insured and against the insurer. Bremen State Bank v. Hartford Accident and Indemnity Co. et al., 427 F.2d 425 (7th Cir. 1970); Ocean Accident and Guarantee Corp. v. Aconomy Erectors, Inc., 224 F. 2d 242 (7th Cir. 1955).

The insurance contract and the pleadings thus far reveal that the third party defendant's cursory denial of coverage is not consistent with the insurance contract and the pleadings in the instant action and thus does not provide sufficient basis for striking or dismissing the third party complaint.

Accordingly, it is hereby ordered that the third party defendant's motion to strike and dismiss the third party complaint is denied.