**CITY OF PEORIA, a Municipal Corporation, Bernard J. Kennedy, Frank Maggio, Nolan Macklin, James Schackenberg, William G. Helm, Herman L. Cornish, Michael D. Heintzman, Ora M. Thompson, Michael Hucal and Laura Scudder, Plaintiffs,**

v.

**UNDERWRITER'S AT LLOYD'S LONDON, UNINCORPORATED, Defendant.**

No. P–2963.

United States District Court
S. D. Illinois, N. D.

Oct. 17, 1968.

Max J. Lipkin, Corp. Counsel, Duane G. Stone, Asst. Corp. Counsel, City of Peoria, Peoria, Ill., for plaintiffs.

Richard N. Molchan, Peoria, Ill., for defendant.

## DECISION AND ORDER

ROBERT D. MORGAN, District Judge.

The complaint herein for a declaratory judgment construing a certain policy of insurance is before the Court upon stipulated facts.

The plaintiffs are the City of Peoria, a Municipal Corporation of the State of Illinois, and certain members of the Peoria Police Department.

The defendants are those underwriters at Lloyd's London, who are signatories to the policy of insurance in issue.

The policy, in pertinent part, provided insurance to all members of said Police Department "against loss by reason of any liability imposed by law * * *, by reason of any false arrest, * * [or] false imprisonment * * * committed or alleged to have been committed" by any member of the assured Police Department.

On December 4, 1964, one Clarence Price filed a complaint against plaintiffs, except the City of Peoria, for damages for alleged violations of the Federal Civil Rights Act. 42 U.S.C. §§ 1983, 1985(2). Count two of that complaint, grounded upon the provisions of Section 1985(2), was dismissed on October 5, 1965. The count grounded upon the provisions of Section 1983 is still pending before this Court, under the name and style "Clarence Price, Plaintiff, vs. Bernard J. Kennedy, et al, Defendants," under Docket Number P–2751.

Defendants undertook the defense of the Price suit under a reservation of right to withdraw upon notice of their determination that that complaint did "not seek damages" for a cause of action covered by their policy of insurance. On February 24, 1966, upon leave of court, defendants' attorneys withdrew from the Price case.

This complaint, filed January 11, 1968, prays a declaratory judgment that the policy provides coverage for the Price claim of liability and that defendants are obligated by the policy to defend the Price suit upon plaintiffs' behalf.

In brief summary, the Price complaint alleges that Price was taken into custody at St. Louis, Missouri, by members of the Peoria Police Department on December 7, 1959, upon a warrant charging the offense of arson; that he was detained, incommunicado, in the Peoria City Jail, and in jails at divers locations elsewhere within and without the State of Illinois, for eleven days before he was taken before any magistrate; that he was refused needed medical treatment; that he was denied the right to consult with an attorney who sought to see him on two separate days at Peoria; that his attempts to communicate with another attorney were thwarted by the police; that he was questioned repeatedly and persistently by various policemen and other State officials during the period of his incommunicado detention; that he signed confessions admitting that he had set fire to a building in Peoria, which resulted in the death of one person; that he was indicted and subsequently convicted of the offense of murder by arson; that his conviction was reversed by the Illinois Supreme Court upon its holding that the use in evidence of his confessions was a denial of due process of law (People v. Price, 24 Ill.2d 46, 179 N.E.2d 685), and that he was finally released from custody on February 8, 1962.

The complaint then alleges that Price was denied, under color of state law, due process of law, the equal protection of the laws and the right to counsel in violation of the Fourteenth Amendment to

the Constitution of the United States and the provisions of 42 U.S.C. § 1983.

It must be conceded that the Price complaint does not purport to allege any classic common law action under the laws of Illinois, and that the sole theory of recovery is the statutory action for denial of federal civil rights created in the year 1871; but this determination is not considered determinative and this Court believes a justiciable controversy does now exist.

The initial issue to be considered arises from the divergent contentions of the parties relative to the construction of the risks clause of the policy, with reference to the Price complaint.

Defendants contend that the risks assumed in the policy are limited to liability imposed by virtue of any common law action for false arrest, false imprisonment or other action based upon the tortious conduct mentioned in that clause.

Plaintiffs take the position that the demands of the Price complaint rest upon a charge of a false arrest or false imprisonment, and that any liability imposed upon them would be a liability arising "by reason of" such false arrest or false imprisonment within the purview of the risks clause of the policy.

█ The Court must apply clearly established principles of construction to the resolution of that issue. The language used in the policy must be given its ordinary layman's meaning, and any ambiguous expression relied upon by the defendants to limit their liability must be construed most strongly against them. E. g., Canadian Radium & Uranium Corp. v. Indemnity Ins. Co., 411 Ill. 325, 332, 104 N.E.2d 250.

█ Defendants drafted the contract of insurance. They employed the language "false imprisonment" and "by reason of", without any specialized definition. "False imprisonment" is a term which connotes well-defined acts of commission, as well as the common law action for the redress of such acts. The phrase "by reason of" is defined as syn-onymous with the phrase "because of." Webster's New Twentieth Century Dictionary, Unabridged, Second Edition.

█ Clearly, many of the material allegations of the Price complaint are consistent with the elements of false imprisonment as established by the law of Illinois. See, generally, I.L.P., False Imprisonment, §§ 1, et seq. Specifically applicable here is the principle that unlawful detention following an arrest may constitute a false imprisonment. Fulford v. O'Connor, 3 Ill.2d 490, 121 N.E.2d 767. As to such allegations, the Price complaint asserts a cause of action arising "by reason of" a "false imprisonment" within the provisions of defendants' policy of insurance. It makes no difference that the claim is asserted in a statutory cause of action, as distinguished from an action grounded upon a common law tort theory.

Defendants might, expressly, have limited coverage to liability imposed by common law or excluded civil rights actions from the coverage afforded. They did neither.

This Court concludes that the risks clause of the policy must be construed to cover the Price claim. Defendants cite no precedent whatsoever except an opinion of an attorney general from another state, which is not persuasive on this issue.

█ The policy does not, however, impose upon defendants the obligation to defend the Price suit. The policy provides that the insurers may, "if they so desire," "take over the conduct * * of the defense of any claim" covered by the policy provisions. We think that this provision is clear. It creates the right, but not the obligation, to assume the conduct of the defense of the Price suit.

It is accordingly adjudged that defendants are obligated to plaintiffs, to the extent of the limits of liability contained in their policy, for any liability imposed against plaintiffs in Case No. P-2751 in this court; but that defend-

ants are not obligated to provide legal counsel for plaintiffs' defense of that suit.

The costs of this action will be assessed against defendants.