Cheshire
No. 81-280
No. 81-290

### AMERICAN HOME ASSURANCE COMPANY

v.

### DOUGLAS K. FISH & a.

August 6, 1982

*Ransmeier & Spellman*, of Concord (*Irvin D. Gordon* on the brief), by brief for the plaintiff.

*Bell, Falk & Norton*, of Keene (*Ernest L. Bell, III*, on the brief), by brief for the defendants.

*Hall, Morse, Gallagher & Anderson*, of Concord (*William S. Hall* on the brief), by brief for Forum Insurance Company.

BATCHELDER, J. This appeal, involving an insurance coverage dispute, raises two issues. The first issue is which insurance company, American Home Assurance Company (American Home) or Forum Insurance Company (Forum), is liable to defend these defendants in the underlying lawsuit; and, if both are liable, how that liability should be apportioned. The second issue is whether the insurance companies are liable to pay any exemplary or punitive damages awarded against the defendants. The Superior Court (*Pappagianis*, J.) held that both insurers were jointly liable to defend the suit and pay any damages, including exemplary or punitive damages, pro rata. We reverse in part.

At the time of the alleged acts giving rise to the underlying action, certain insurance policies were in force covering the City of Keene and certain of its police department officials. The policies issued were American Home's "Police Professional Liability Insurance", naming the City of Keene Police Department as the

insured, and Forum's "Public Officials Liability Policy," naming the City of Keene as the insured.

The underlying action (*Parker v. City of Keene et al.*, No. 79-245D (D.N.H. filed Aug. 15, 1979)) is pending in the United States District Court for the District of New Hampshire. The plaintiff, Douglas H. Parker, a former Keene policeman, alleges that an arson indictment returned against him on April 4, 1978, and his subsequent dismissal from the police department, resulted in a breach of his employment contract with the City of Keene, and as such constituted malicious prosecution, a violation of his civil rights under the provisions of 42 U.S.C. § 1983 (1976), and a conspiracy to violate his civil rights under 42 U.S.C. § 1985 (1976). The defendants named in the underlying action are the City of Keene, Douglas K. Fish, a detective of the Keene Police Department, and Harold A. Becotte, the Keene Chief of Police.

Forum's policy lists the City of Keene as the public entity named as the insured, and includes within the definition of "insured" "those . . . duly elected or appointed officials or members or full-time employees of the governing body of such commissions, boards or other units operating by and under the jurisdiction of such governing body . . . ." The policy contains an exclusion, commonly called a "no liability" clause, stating that Forum "shall not be liable to make any payment in connection with any claim made against the insured . . . which is insured by another valid policy . . . ."

The American Home policy lists the Keene Police Department as the named insured, and includes within the omnibus definition of "insured" "all paid full or part time employees of the [Keene Police Department] and the political subdivision in which the [Keene Police Department] is located, should such political subdivision be named in any action or suit against the [Keene Police Department] or any employee for any act, error or omission for which this policy affords protection." This policy contains a clause providing that "this policy shall be excess insurance over any other valid and collectible insurance available to the Insured, either as an Insured under another policy or otherwise," which is commonly known as an "excess" clause.

This is an issue of first impression in New Hampshire, requiring a resolution of the liability for insurance coverage where two insurance policies apply to the same situation and one company claims an exemption under a "no liability" clause and the other company claims an exemption under an "excess insurance" clause. It is clear that, were we to give literal effect to each policy's exclusion, the defendants would have no coverage.

■ There are two theories that attempt to resolve this conflict. The minority position, relied upon by the trial court, holds that two such clauses are "mutually repugnant" and should be disregarded, and the insurers would have to prorate, both as to damages and the expense of defending the suits. *See, e.g., Oregon Auto. Ins. Co. v. United States Fidelity & Guar. Co.,* 195 F.2d 958, 960 (9th Cir. 1952); 16 R. ANDERSON, COUCH ON INSURANCE, § 62:77, at 522 (2d ed. 1966 & Supp. 1981) and cases cited in *id.* nn.3, 4. The other position, followed by the majority of the jurisdictions, is that the "excess" clause should be given effect, thereby making the "no liability" policy the primary one. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Home Indemnity Ins. Co.,* 23 Ohio St. 2d 45, 47–48, 261 N.E.2d 128, 130 (1970); 16 R. ANDERSON, COUCH ON INSURANCE, *supra,* § 62.76, at 521 and cases cited in *id.* n.1. After consideration of both of these positions, we think that it is more reasonable to adopt the second position. The "no liability" clause states that the exclusion applies only when there is "another valid policy." Because a policy containing an "excess" clause is not triggered until all other collectible insurance is exhausted, we hold that the "excess" policy is not a valid (i.e.—collectible) policy within the meaning of the "no liability" policy. *See State Farm Mut. Auto Ins. Co. v. Home Indemnity Ins. Co.,* 23 Ohio St. 2d at 48, 261 N.E.2d at 130. Accordingly, Forum has the primary liability for defending the underlying action.

The defendants argue that an insurer should be obligated to provide coverage for any exemplary or punitive damages awarded against them in either the § 1983 or § 1985 action. The trial judge ruled that an insurer was to provide coverage against any such award. We agree.

In *City of Newport v. FACT Concerts, Inc.,* 453 U.S. 247 (1981), the United States Supreme Court held that municipalities, such as Keene, could not be held liable for punitive damages in a § 1983 action, *id.* at 271, although individual employees could be held liable for such damages. *Id.* at 269. Thus, the only issue is whether the city's policy will cover such damages if and when they are assessed against the insured's officials or employees. This is a question of State insurance law that does not implicate any federal question.

■ A municipality may purchase insurance, RSA 412:1, and, to the extent of its coverage, sovereign immunity is waived. RSA 412:3 (Supp. 1979); *Bancroft v. Town of Canterbury,* 118 N.H. 453, 456, 388 A.2d 199, 202 (1978). As long as an act was performed by a municipal employee without "malice," the employee shall be

indemnified by the governmental unit in civil rights suits. RSA 31:106 (Supp. 1981). The municipality may purchase a "comprehensive general liability insurance policy" to protect its employees. RSA 31:107 (Supp. 1981). Such policies have been held to provide coverage for section 1983 actions. *See Town of Goshen v. Grange Mut. Ins. Co.*, 120 N.H. 915, 424 A.2d 822 (1980); *cf. Town of Epping v. St. Paul Fire & Marine Ins. Co.*, 122 N.H. 248, 252, 444 A.2d 496, 499 (1982). Thus public policy sanctions rather than opposes insuring for liability arising directly against the insured from intentional torts such as false arrest, slander or § 1983 actions. To the extent *Commercial Union Assurance Cos. v. Town of Derry*, 118 N.H. 469, 473, 387 A.2d 1171, 1173 (1978), holds to the contrary, that case is overruled.

In this case, however, Forum argues that it is not liable for coverage for exemplary or punitive damages because it excluded from the definition of "loss" any "fines and penalties imposed by law." We agree. The United States Supreme Court has stated that punitive damages "are not compensation for injury. Instead, they are private fines levied by civil juries to punish reprehensible conduct and to deter its future occurrence." *Electrical Workers v. Foust*, 442 U.S. 42, 48 (1979) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974)); *accord Hartford v. Village of Hempstead*, 48 N.Y.2d 218, 224, 397 N.E.2d 737, 741 (1979) (insurance coverage in § 1983 case). Other courts have given punitive damages a similar definition. "The Florida characterization of punitive damages as a *penalty*, imposed as a means of punishing the defendant in order to deter him and others from anti-social conduct, . . . conforms with the most widely accepted basis for punitive damages in other American jurisdictions." *Northwestern National Casualty Company v. McNulty*, 307 F.2d 432, 436 (5th Cir. 1962) (emphasis in original); *see also* RESTATEMENT (SECOND) OF TORTS § 908 (1977). Exemplary or punitive damages are "fines and penalties" within the meaning of that phrase, and, therefore, Forum is not liable to provide coverage for any such damages awarded.

We find no similar exclusion in American Home's policy. Accordingly, it is liable for any award of exemplary or punitive damages, and the trial court order is affirmed in this respect.

Finally, Forum has argued on appeal that it is not liable to defend the breach of contract action. Because it was not a party to the trial court proceedings and the basis of its liability is unclear in

the record, we will vacate that part of the trial court's order and allow the trial judge to reconsider this issue.

*Reversed in part; remanded.*

All concurred.