**TOWN OF STODDARD; Town of Stoddard Planning Board; Thomas Yocono, Jr., Frances Rumrill, Reed Desrosiers, Jane Abert, Brian Cartwright, Melvin Gibbs, individually and as members of the Planning Board**

**v.**

**NORTHERN SECURITY INSURANCE CO., INC.; International Insurance Company.**

**Civ. No. 88–478–D.**

United States District Court, D. New Hampshire.

July 25, 1989.

Gregory H. Smith, Manchester, for plaintiffs.

Gregory A. Holmes, Manchester, Linda D. Oliveira, Boston, Mass., for defendants.

## OPINION AND ORDER

DEVINE, Chief Judge.

On April 15, 1988, Pickerel Cove Limited Partnership ("Pickerel Cove") sued the Town of Stoddard and members of the Stoddard Planning Board ("Stoddard") in Cheshire County Superior Court for their action taken in amending a zoning ordinance. The amendment restricted development of Pickerel Cove property. On March 13, 1989, the superior court granted Pickerel Cove's motion for voluntary nonsuit with

---

prejudice. In the instant diversity action, 28 U.S.C. § 1332,[1] plaintiffs seek a declaration that two insurance policies purchased by the Town obligated their insurers, Northern Security Insurance Company ("Northern Security") and International Insurance Company ("International") to defend them in the Pickerel Cove action. Plaintiffs seek reimbursement for the cost of their defense. The matter is currently before the Court on the parties' cross-motions for summary judgment.

"[A]n insurer's obligation to defend its insured is determined by whether the cause of action against the insured alleges sufficient facts in the pleadings to bring it within the express terms of the policy, even though the suit may eventually be found to be without merit." *United States Fidelity & Guar. Co. v. Johnson Shoes, Inc.*, 123 N.H. 148, 151–52, 461 A.2d 85, 87 (1983) (citing *Hersey v. Maryland Casualty Co.*, 102 N.H. 541, 542–43, 162 A.2d 160, 162 (1960)). Pickerel Cove made the following relevant allegations in its complaint against Stoddard.

Pickerel Cove is the owner of a 123-acre tract of land located on the shores of Highland Lake in the Town of Stoddard. ¶ 2. Prior to March 8, 1988, the applicable zoning ordinance permitted Pickerel Cove to build duplex housing on its property. ¶ 17. As early as November 3, 1987, Pickerel Cove expressed its intent to build duplexes on the property. ¶ 18. Pickerel Cove also lobbied for a Clustered Housing Amendment. ¶ 19. Motivated solely by a desire to thwart development by Pickerel Cove, the Planning Board created a zoning amendment which limited the development of land and doubled the lot size requirement for two-family dwellings. ¶ 22. The amendment was enacted on March 8, 1988, without public discussion. ¶¶ 25, 26.

Pickerel Cove asserted that the zoning amendment is arbitrary, bears no rational nexus to legitimate zoning objectives, violates public policy, ¶¶ 29, 33, deprives Pickerel Cove of the value of and use of its property, ¶¶ 31, 60, and imposes an unjustified economic burden on Pickerel Cove, ¶ 36. Pickerel Cove sought three forms of relief in its complaint: (1) a declaratory judgment that the zoning ordinance is "void and unenforceable", ¶¶ 38, 46; (2) a ruling that the ordinance constitutes an unconstitutional taking of property, entitling Pickerel Cove to damages of two million to ten million dollars, ¶¶ 47–71; and (3) damages for economic loss suffered due to Stoddard's bad faith actions, ¶¶ 72–88.

On June 6 and 7, 1988, counsel for Stoddard provided written notice of the Pickerel Cove claim to International and Northern Security, respectively, in accordance with the policies. By letter dated July 8, 1988, International declined to extend coverage for the claims made in the Pickerel Cove action. By letter dated July 29, 1988, Northern Security also denied coverage. Thus, Stoddard retained counsel from its own funds to represent it in the underlying action. Stoddard prevailed in that action on March 13, 1989, when the superior court granted Pickerel Cove's motion for voluntary nonsuit with prejudice.

*The Northern Security Policy*

■ Stoddard purchased a "Comprehensive General Liability Insurance Policy" ("General Policy") from Northern Security which covered the period of January 1, 1986, through January 1, 1989. The Town of Stoddard is named on the declaration page as the insured. Endorsements to the policy provide that the Stoddard Planning Board, employees of the Town, and volunteers working for the Town are additional Insureds under Section II of the policy (liability section).

Plaintiffs assert that they are entitled to reimbursement for the costs of defense of the Pickerel Cove action under two endorsements to the policy: the "Broad Form Comprehensive General Liability Endorsement" ("Broad Form Endorsement") and the "Civil Rights Violation Endorsement" ("Civil Rights Endorsement").

---

1. Plaintiff originally filed this action in Cheshire County Superior Court, seeking declaratory relief pursuant to New Hampshire Revised Statutes Annotated ("RSA") 491:22. International timely removed the action to this Court in accordance with 28 U.S.C. § 1441.

The Broad Form Endorsement provides in relevant part that:

(A) The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of personal injury or advertising injury to which this insurance applies, sustained by any person or organization and arising out of the conduct of the named insured's business, within the policy territory, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such injury, even if any of the allegations of the suit are groundless, false or fraudulent....

(Emphasis in original.)

Personal injury is defined in subsection D as including "injury arising out of one or more of the following offenses committed during the policy period: ... (2) wrongful entry or eviction or other invasion of the right of private occupancy...."

In a case almost directly on point, the New Hampshire Supreme Court determined that a planning board's actions which deprived a developer of its intended use of property constituted "invasion of the right of private occupancy." *Town of Goshen v. Grange Mut. Ins. Co.*, 120 N.H. 915, 917–18, 424 A.2d 822, 824 (1980). In *Town of Goshen*, the owner of a parcel of land sought to develop the property and applied under the prevailing town ordinances for subdivision approval thereof. *Id.*, 120 N.H. at 915–16, 424 A.2d at 823. In a subsequent civil rights action, the developer alleged in part that the town did not want him to gain subdivision approval because its policy was to restrict growth and deny any large-scale development; that the planning board delayed his attempts to obtain subdivision approval; that the defendants' actions deprived him of his ability to recover the resources he had invested in the development; that he suffered a loss of two million dollars and the taking of his property without just compensation or due process of law; and that the defendants denied the plaintiff his right to the free enjoyment of his property. *Id.*, 120 N.H. at 916, 424 A.2d at 823–24.

Town of Goshen sought a declaratory judgment that its insurer, Grange, was obligated to defend it in the civil rights action. Relevant to the dispute was a "Personal Injury Liability Insurance Endorsement" attached to the Town's "Public Liability Policy". The endorsement stated that insurance would be afforded for personal injury arising out of offenses including "Wrongful Entry or Eviction or other Invasion of Private Occupancy." *Id.*, 120 N.H. at 917, 424 A.2d at 824. The court stated that tangible interference with the physical property was not necessary to constitute an "invasion of the right of private occupancy".

We are of the opinion that the allegations in the complaint would constitute the required "invasion of the right of private occupancy." These allegations include: that the planning board created economic hardships that destroy the viability of the complainant's project, deprived him of his ability to ever recover the money, time and other resources invested in the development of his property, thus causing him substantial damage, and denied plaintiff's right to the free enjoyment of this property without due process of law.

*Id.*, 120 N.H. at 917–18, 424 A.2d at 824.

Similarly, in the instant case, Pickerel Cove alleged that Stoddard's actions in enacting the zoning amendment deprived Pickerel Cove of its intended use of the property, and that Pickerel Cove sustained substantial damages, including the loss of the value of its property. The Court finds and rules that these allegations are sufficient to constitute a claim of "invasion of the right to private occupancy" and thus constitutes personal injury to plaintiffs under the definition in the Broad Form Endorsement.

Northern Security in its cross-motion for summary judgment ignores the language of the Broad Form Endorsement and makes no effort to distinguish the *Town of Goshen* case. Northern Security argues instead that recovery under the General Policy is limited to "bodily injury" or "property damage" and that the injury al-

legedly sustained in the Pickerel Cove suit does not fall within the policy's definitions of these terms.[2]

■ The language of an insurance policy is construed by the reviewing court as by a reasonable person in the position of the insured, based on more than a casual reading of the policy as a whole. *Haley v. Allstate Ins Co.,* 129 N.H. 512, 514, 529 A.2d 394, 396 (1987). Although the General Policy provides coverage for "bodily injury" and "property damage", it is clear from a reading of the policy as a whole that the Broad Form Endorsement was intended to extend coverage to claims of "personal injury" and "advertising injury". At paragraph X, the Broad Form Endorsement recognizes that these four separate types of injury are covered by the policy. To adopt Northern Security's argument that the terms "bodily injury" and "property damage" preclude recovery herein would be to render the endorsement meaningless. All parts of an insurance agreement are to be given effect whenever possible. *Commercial Union Assurance Co. v. Gollan,* 118 N.H. 744, 747, 394 A.2d 839, 842 (1978). And any ambiguity will be construed in favor of the insured and against the insurer. *Haley, supra,* 129 N.H. at 514, 519 A.2d at 396. Accordingly, the Court finds that the Pickerel Cove complaint alleged a "personal injury" as defined by the Broad Form Endorsement and that Northern Security has an obligation to reimburse plaintiffs for defense of the Pickerel Cove action.[3]

**2.** Although Northern Security quotes the relevant language of the policy and applicable definitions in its memorandum of law, and has attached a copy of the policy thereto, it has failed to refer to the particular page of the policy at which the relevant sections appear. Similarly, plaintiffs, although highlighting the relevant sections of the policy, have failed to direct the Court to the relevant pages of the policy in its memorandum. Accordingly, the Court has been forced to waste scant judicial resources reviewing a 41–page insurance policy to find the relevant provisions. In all future proceedings of this nature, if counsel fails to reference the relevant pages of exhibits in supporting memoranda, the pending motions will

*The International Policy*

■ The Town of Stoddard renewed its "Public Officials and Employees Liability Insurance" policy from International for the period beginning March 3, 1988, through March 3, 1989. Part II, section B, of the policy defines as insured parties: the Town of Stoddard, persons who are lawfully elected or appointed officials, members of commissions and boards operating under the jurisdiction of the town, and employees of the town.

The International policy contains the following provision:

14. Other Insurance. If the Public Entity or any Insured has other insurance against a Loss covered by this Policy, the insurance provided by this Policy shall apply *in excess of* such other insurance. [Emphasis added.]

The New Hampshire Supreme Court has repeatedly held such "excess" clauses to be valid. *See, e.g., American Home Assurance Co. v. Fish,* 122 N.H. 711, 714, 451 A.2d 358, 359–60 (1982).

In the instant case, Northern Security is the primary insurer. The Northern Security policy provides in the section entitled "Conditions Applicable to Section II" (liability coverage) that the insurance afforded by the policy is

primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the insured has other insurance which is stated to be

be returned and will not be considered unless and until such page references are included.

**3.** The Court also rejects Northern Security's assertion that coverage is precluded because there has not been an "occurrence" as defined by the General Policy. An occurrence is only required if there is a claim for "bodily injury" or "property damage"; the Broad Form Endorsement does not make the existence of an occurrence as defined by the general liability policy a prerequisite to coverage.

Because Northern Security has an obligation to defend under the Broad Form Endorsement, the Court need not address Stoddard's argument that it is entitled to coverage under the Civil Rights Endorsement.

applicable to the loss on an excess or contingent basis, the amount of the Company's liability under this policy shall not be reduced by the existence of such other insurance.

*Id.* at ¶ 7. Nowhere relevant to this action does the Northern Security policy state that its coverage applies in excess of or contingent upon the absence of other insurance. The coverage afforded by Northern Security is thus primary. *See Commercial Union Assurance v. Aetna Casualty & Sur. Co.*, 455 F.Supp. 1190, 1194–95 (D.N. H.1978).

In the instant case, because Northern Security is the primary insurer and is obligated to reimburse Stoddard for its defense in the Pickerel Cove action, International as the excess carrier is relieved of any obligation it might have to provide coverage.[4]

In sum, the Court finds and rules that Northern Security is obligated to reimburse Stoddard for its costs of defense in the Pickerel Cove action, and accordingly herewith grants Stoddard's motion for summary judgment (document no. 10) as to Northern Security and denies Northern Security's cross-motion for summary judgment (document no. 11). Pursuant to the provisions of RSA 491:22–b and c, Stoddard is entitled to recover court costs and reasonable attorney's fees from Northern Security for the costs incurred in bringing this action. The Court also finds that, as an excess carrier, International is relieved of its obligation to reimburse Stoddard and herewith grants International's motion for summary judgment (document no. 9).

SO ORDERED.

---

**4.** International argues that it is not obligated to provide coverage because of an exclusion for damages arising out of actions for "inverse condemnation". Because the Court finds that it is not obligated as an excess insurer, the Court need not address the merits of the condemnation argument.