[No. B040422. Second Dist., Div. Five. Feb. 27, 1990.]

RONALD C. WARANCH et al., Plaintiffs and Appellants, v. GULF INSURANCE COMPANY, Defendant and Respondent.

**COUNSEL**

Terry M. Giles and Alton G. Burkhalter for Plaintiffs and Appellants.

Demler, Armstrong & Rowland and James G. Boedecker for Defendant and Respondent.

**OPINION**

**BOREN, J.**—Does a personal injury insurance liability provision for "wrongful entry or eviction, or other invasion of the right of private

occupancy" cover only acts which affect rights in real property, or does it cover, as well, an alleged wrongful repossession of an automobile? The trial court concluded that this language did not cover automobiles. We agree and affirm the judgment in favor of the insurer.

## FACTS

There is no apparent disagreement between the parties as to the operative facts. Respondent Gulf Insurance Company issued an insurance policy to appellant Villa Pacific Building Company. Appellant Ronald C. Waranch is an owner/officer of Villa Pacific. Respondent does not contest that its policy was in full force and effect at the time appellants made a claim against it.

In 1983, appellants' former business associate, Jeffrey Kaplan, initiated a suit against them alleging a breach of contract, fraud, and six other causes of action. Kaplan's complaint included a cause of action for conversion stemming from appellants' repossession of Kaplan's Porsche automobile. Kaplan claimed to have suffered emotional distress as a result of the repossession.

Appellants tendered their defense in the Kaplan suit to respondent. Coverage was denied, prompting appellants to commence the instant lawsuit for breach of contract, bad faith and declaratory relief. At the time of trial, respondent brought a motion for judgment on the pleadings, and appellants countered with a motion for summary judgment. The trial court rendered a judgment for respondent, finding that Gulf had no duty to defend or indemnify Villa Pacific or Waranch because they were not covered for the type of claims made in Kaplan's complaint.

## DISCUSSION

■ The parties agree that the sole issue presented by this appeal is whether or not Kaplan's claims for conversion of the Porsche (and the emotional distress caused by the conversion) are covered by the insurance policy Gulf issued to appellants. If so, appellants contend Gulf must repay them the $310,927.04 in legal fees which they incurred in defending the Kaplan lawsuit. ■ The parties also agree that the interpretation of the disputed policy provision is a question of law to be independently determined on appeal. (*Bareno* v. *Employers Life Ins. Co.* (1972) 7 Cal.3d 875, 881 [103 Cal.Rptr. 865, 500 P.2d 889].)

■ The disputed policy provision reads in pertinent part as follows: "The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of personal injury

. . . and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such injury even if any of the allegations of the suit are groundless, false or fraudulent . . . . With respect to the Personal Injury [coverage], . . . 'personal injury' means injury arising out of the offense of false arrest, detention, imprisonment, malicious prosecution, . . . libel or slander . . . wrongful entry or eviction, or other invasion of the right of private occupancy."

■ Our review of this provision is, of course, governed by well-settled principles which require us to construe ambiguities in an insurance policy in favor of the insured, and to protect the insured's reasonable expectations. On the other hand, we may not find coverage by adopting a strained or absurd interpretation in order to create an ambiguity where none exists. (*Silberg* v. *California Life Ins. Co.* (1974) 11 Cal.3d 452, 464 [113 Cal.Rptr. 711, 521 P.2d 1103]; *Reserve Insurance Co.* v. *Pisciotta* (1982) 30 Cal.3d 800, 807-808 [180 Cal.Rptr. 628, 640 P.2d 764]; *Producers Dairy Delivery Co.* v. *Sentry Ins. Co.* (1986) 41 Cal.3d 903, 912 [226 Cal.Rptr. 558, 718 P.2d 920].)

■ Appellants fail to cite any authority which might persuade us that the disputed policy provision applies to an alleged invasion of another's right to exclusively occupy an automobile. Other courts have had occasion to interpret identical language, and none of them have expanded the concept of "invasions of the right of private occupancy" outside the realm of real property. In *Nichols* v. *Great American Ins. Companies* (1985) 169 Cal.App.3d 766 [215 Cal.Rptr. 416], for example, the insureds contended that the "airwave piracy" they were accused of committing was covered by policy language identical to that which we are interpreting in this case. They reasoned that the allegations of the underlying complaint against them showed an invasion of their adversary's "exclusive right to 'occupy' a certain microwave channel or frequency." (169 Cal.App.3d at p. 775.)

The *Nichols* court rejected the insured's contention, and found that the insurance company was not obligated to defend or indemnify the insured in the underlying lawsuit. The court wrote, " 'Occupancy' ordinarily refers to 'the taking and holding possession of real property under a lease or tenancy at will.' (Webster's New Internat. Dict. (3d ed. 1961) p. 1560.) The association of 'occupancy' with real property in the instant case is reinforced by its conjunction with the words 'wrongful entry or eviction.' 'Eviction' is a term almost exclusively associated with real property. . . . *We perceive that the 'personal injury' contemplated by the business liability policies was the 'wrongful entry, eviction or other invasion of the right to private occupancy' relating to some interest in real property.* . . . This court ' "will not indulge in a forced construction so as to fasten a liability on the insurance company

which it has not assumed." ' [Citation.]" (*Nichols* v. *Great American Insurance Companies, supra,* 169 Cal.App.3d 766, 775-776, italics added.)

Numerous other cases in which an insured sought coverage under the "private occupancy" term in a policy were all real property cases. In *Fragomeno* v. *Insurance Co. of the West* (1989) 207 Cal.App.3d 822 [255 Cal.Rptr. 111], our colleagues in Division Seven concluded that an unlawful detainer action does not constitute an invasion of the "right to private occupancy." Other examples include *Gardner* v. *Romano* (E.D.Wis. 1988) 688 F.Supp. 489 (landlord's racial discrimination against potential tenants violated their right to private occupancy); *Town of Goshen* v. *Grange Mut. Ins. Co.* (1980) 120 N.H. 915 [424 A.2d 822] (town's delay in providing property owner with subdivision approval violated his right to private occupancy); and *Martin* v. *Brunzelle* (N.D.Ill. 1988) 699 F.Supp. 167 (racial discrimination against prospective tenant not covered by this language because plaintiff had no vested property rights).

Even the dissenting opinion in *Fragomeno,* which appellants cite in favor of their position, does not suggest that the language in question should be applied to anything but torts affecting interests in real property. The opinion states that "Although courts have grappled with this language to determine whether certain acts are covered by the policy, the phrase 'right to private occupancy' has never been defined. ▮ ▮▮ ▮ ▮ However, *the phrase clearly encompasses an insured's interference with another's 'right' to possess an interest in real property.*" (*Fragomeno* v. *Insurance Co. of the West, supra,* 207 Cal.App.3d 822, 833-834, Johnson, J., dis., italics added.)[1]

▮ The court's opinion in *Martin* v. *Brunzelle, supra,* 699 F.Supp. 167, provides an instructive interpretation of the language at issue here: " 'Other invasion of the right of private occupancy' is simply *part* of a more complete definition of 'personal injury,' following directly on the heels of 'wrongful entry or eviction.' Ejusdem generis principles draw on the sensible notion that words such as 'or other invasion of the right of private occupancy' are intended to encompass actions of the same general type as, though not specifically embraced within, 'wrongful entry or eviction.' Those two terms have commonly understood meanings. Absent a catch-all phrase such as 'or other invasion of the right of private occupancy,' an insurer could resist coverage for actions that did not fit within those precise meanings, yet

---

[1] We decline to analyze the *un*published Ohio Court of Appeals decision cited by appellants. Our state rules of court bar us from citing or relying on unpublished opinions except as necessary to apply res judicata or collateral estoppel principles. (Cal. Rules of Court, rule 977.) Outside of this narrow exception, unpublished opinions have no precedential value in this state. (*Faitz* v. *Ruegg* (1981) 114 Cal.App.3d 967, 970 [171 Cal.Rptr. 149]; cf. rule 2 (G) (1)-(2), Ohio Supreme Ct. Rules for the Reporting of Opinions.)

would clearly seem within the same class of conduct intended to be insured against. Then a court confronted with such resistance would be forced to choose between denying coverage or bending the 'wrongful entry or eviction' language out of shape to provide the insured with coverage." (699 F.Supp. 167, 170, fns. omitted.)

We agree with the explanation provided in *Martin* for the catch-all phrase. In this instance, the torts covered by the policy are plainly divided into three groups: torts directed against the person (the false arrest and imprisonment group); torts directed against another's reputation (the libel and slander group); and torts directed against another's real property. The real property group is cohesive: the policy lists wrongful entry or eviction, then refers to "other" violations of the right of private occupancy. One such "other" violation might include the wrongful occupation of the real property of another, which gives rise to tort liability in California. (Civ. Code, § 3334; *Richmond Wharf & Dock Co.* v. *Blake* (1919) 181 Cal. 454, 459 [185 P. 184].)

We conclude that the disputed policy language referring to wrongful entry, eviction and invasions of the right of private occupancy pertains to torts against the real property of another, as a matter of law. Because the claim of conversion of an automobile is not a tort against real property, it is not covered by the policy provision at issue here, and the trial court correctly determined that Gulf had no duty to defend appellants in the underlying lawsuit.

## DISPOSITION

The judgment is affirmed.

Lucas, P. J., and Ashby, J., concurred.