46 F.3d 1140
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James W. COULTER, Trustee, Plaintiff-Appellant
v.
STATE FARM FIRE & CASUALTY COMPANY Defendant-Appellee.
 No. 93-16203.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1994.*
Decided Jan. 5, 1995.
 
 Before: SKOPIL, NORRIS and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James W. Coulter, Chapter 11 Trustee for the Bankruptcy Estate of Gilbert Russell Cogar, Jr. ("Cogar"), appeals the district court's order granting summary judgment in favor of State Farm Fire and Casualty Company ("State Farm") and the denial of Cogar's motion for reconsideration. We affirm.
 
 
 3
 Appellant contends that State Farm is obligated to defend Cogar in an underlying state court action entitled Hoktiongtjoa v. Cogar because Hoktiongtjoa's suit potentially seeks damages for an "invasion of the right of private occupancy" within the meaning the relevant insurance policies. This argument is based on two portions of the Second Amended Complaint. First, Hoktiongtjoa alleges that Cogar's actions caused him to be "denied the ownership benefits, rental and value of his properties...." Second, the prayer for relief includes a request for the imposition of a constructive and resulting trust on the properties still in Cogar's possession.
 
 
 4
 Appellant offers a number of cases as authority for his position, all of which are distinguishable. The unifying theme in Appellant's cases is that each plaintiff sought to make an immediate use of the property--i.e., to live there, to develop it, or to rent it out. In those contexts, there might be some logic in construing a plaintiff's injuries as an invasion of the right private occupancy. In stark contrast, Hoktiongtjoa's immediate goal was to divest himself of ownership of the real estate parcels so as to realize a long-term monetary benefit. Thus, we are not persuaded that Cogar is entitled to coverage under the relevant policies.
 
 
 5
 A number of other cases support our conclusion. In Titan Corp. v. Aetna Casualty and Surety Co., 27 Cal.Rptr.2d 476 (Cal.App.1994), which held that the term "wrongful entry or eviction or other invasion of the right of private occupancy" did not cover property damage caused by pollution, the Court noted that under the principle of ejusdem generis, the term "other invasion of the right of private occupancy" should be interpreted to mean "the functional equivalent of 'wrongful entry or eviction.' " Id. at 487. The Court stated further that "[t]he term 'other invasion of the right of private occupancy' draws meaning and content from the preceding language: 'wrongful entry or eviction.' Such language connotes disruptions of the ability of a landowner to actually occupy his property...." Id. (emphasis added). See also Pipefitters Welfare Educ. Fund. v. Westchester Fire Ins. Co., 976 F.2d 1037, 1041 (7th Cir.1992) (disapproved on other grounds by Titan, 27 Cal.Rptr.2d 476) ("The principle of ejusdem generis ... provides that where a general term follows a series of specific terms, the former should not be given its broadest possible meaning, but rather extends only to matters of the same general class or nature as the terms specifically enumerated. Accordingly, we must interpret the catch-all phrase 'other invasion of the right to private occupancy' as encompassing only conduct of the same general type as eviction and wrongful entry."); Martin, 699 F.Supp. at 170 (" 'Other invasion of the right of private occupancy' is simply part of a more complete definition of 'personal injury,' following directly on the heels of 'wrongful entry or eviction.' Ejusdem generis principles draw on the sensible notion that words such as 'or other invasion of the right of private occupancy' are intended to encompass actions of the same general type as, though not specifically embraced within, 'wrongful entry or eviction.' "); Waranch v. Gulf Ins. Co., 266 Cal.Rptr. 827, 828-29 (Cal.App.1990) (under principles of ejusdem generis, policy language covering "invasion of private occupancy" applied to wrongful evictions, entries or other similar violations of quiet occupancy) (citing Martin v. Brunzelle, 699 F.Supp. 167 (N.D.Ill.1988)). Hoktiongtjoa has not alleged that his interest in the parcels has been compromised in a way that is encompassed by the policy language.
 
 
 6
 Nor can it be said that the relevant policy language is, in the context of this case, ambiguous. Although a court must construe an insurance policy from the perspective of a reasonable lay person, resolving any ambiguities in favor of the insured, a court must also refrain from indulging in strained constructions to find coverage. Fragomeno v. Insurance Co. of the West, 255 Cal.Rptr. 111, 114 (Cal.App.1989). Under principles of ejusdem generis, it would not be reasonable for an insured to expect coverage where the essence of a plaintiff's complaint is not that he has been deprived of the use of or the ability actually to occupy property, but rather that the defendant has failed to live up to his contract-based financial obligations.
 
 
 7
 Appellant next argues that if Hoktiongtjoa can establish sufficient ownership interest in the property to be characterized as a constructive or resulting trust beneficiary, he will necessarily have established that Cogar interfered with his right to possess an interest in the property. Thus, Cogar may be liable to him for an invasion of the right of private occupancy. This argument is strained and, ultimately, unpersuasive. As stated in Titan, "other invasion of the right of private occupancy" encompasses actions which, like wrongful entry and eviction, disrupt the owner's ability to actually occupy property. Titan, 27 Cal.Rptr.2d at 487. The damage allegedly caused by Cogar is simply not an injury of "the same general type" as wrongful entry or eviction. Martin, 699 F.Supp. at 170.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3