46 F.3d 1140
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Wilfredo DACUYCUY, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70559.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Dec. 16, 1994.
Decided: Jan. 12, 1995.
 
 Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Dacuycuy petitions for review of the Board of Immigration Appeals's (Board) denial of his motion to reopen his deportation proceedings or, alternatively, to remand to the immigration judge (IJ) to reconsider Dacuycuy's application for suspension of deportation which was deemed untimely. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). We deny the petition.
 
 
 2
 The Board argues that we do not have jurisdiction over Dacuycuy's claim, because he did not exhaust his administrative remedies. See Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir. 1987) (Vargas). We review questions of subject matter jurisdiction de novo. Nike, Inc. v. Comercial Iberica De Exclusivas, 20 F.3d 987, 990 (9th Cir. 1994).
 
 
 3
 While Dacuycuy couches his claim in due process terms, the record shows that Dacuycuy's motion to the Board was based on substantially the same grounds upon which he now appeals. Dacuycuy is asking for a "remand by the Board to allow reopening of the deportation proceedings in order to apply for Suspension for which he became newly eligible." In effect, Dacuycuy is raising two issues. The first is whether the Board should have reconsidered the IJ's finding that Dacuycuy's application for suspension of deportation was untimely. The second is whether the Board should have reopened his case. See 8 C.F.R. Secs. 3.2, 3.8 (1993). The Board disposed of both of these issues, ruling that: (1) because Dacuycuy failed to file his suspension of deportation by November 4, 1992, as ordered by the IJ, he abandoned the application; (2) because Dacuycuy (a) did not raise any new evidence, (b) gave no "reasonable cause" for not appearing, and (c) did not demonstrate his prima facie eligibility for a suspension of deportation, the Board would not reopen his case. The Board's decision resulted in a final order reviewable by this court.
 
 
 4
 * We give controlling weight to the Board's construction and application of administrative regulations unless "plainly erroneous or inconsistent with the regulation." United States v. Larionoff, 431 U.S. 864, 872 (1977) (Larionoff), quoting Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945). We review the Board's refusal to reopen or reconsider deportation proceedings for abuse of discretion. INS v. Rios-Pineda, 471 U.S. 444, 449 (1985) (Rios-Pineda).
 
 
 5
 To qualify for a discretionary suspension of deportation under 8 U.S.C. Sec. 1254(a)(1), Dacuycuy has to establish (1) continuous physical presence in the United States for at least seven years, (2) good moral character, and (3) that deportation would result in extreme hardship to him or his spouse, parent, or child who is a citizen or lawful permanent resident. Limsico v. INS, 951 F.2d 210, 213 (9th Cir. 1991) (Limsico); Vasquez v. INS, 767 F.2d 598, 601 (9th Cir. 1985) (Vasquez).
 
 
 6
 The IJ found that any motion that Dacuycuy might have made under section 1254(a)(1) was waived, because Dacuycuy was instructed to file the suspension application by November 4, 1992, and he failed to do so. Dacuycuy alleges that enforcing a waiver in this case violates due process, because he was not eligible for suspension until December 2, 1992, and therefore could not have filed the application in November. Dacuycuy acknowledges, however, that he would have been eligible for suspension on the date of his hearing, which was scheduled for December 4, 1992, and which both he and his attorney failed to attend.
 
 
 7
 According to 8 C.F.R. Sec. 3.31(c) (1993), the IJ "may set and extend time limits for the filing of applications. ... If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application shall be deemed waived." (Emphasis added.) Because Dacuycuy's hearing date was set for December 4, 1992, there is no question he would have been statutorily eligible (as far as the 7 year requirement is applicable) on his hearing. There is no reason why Dacuycuy could not have filed a petition for suspension by November 4, 1992, and submitted documentation showing that on December 4, 1992, the date of his hearing, he would have been present in the United States for the requisite 7 years. As the Board points out, the IJ's order "promoted administrative efficiency by consolidating at a single hearing all applications for relief for which petitioner might be eligible." There is no basis for contending that "due process" required the IJ to wait until after Dacuycuy was eligible for the suspension before requesting that he file such an application.
 
 
 8
 The plain language of 8 C.F.R. Sec. 3.31(c) (1993) gave the IJ the authority to deem Dacuycuy's application waived. The Board agreed with the IJ on this issue, specifically stating that Dacuycuy "abandoned his application for suspension of deportation by his failure to file it by the deadline of November 4, 1992." Because this interpretation of the applicable provision is not plainly erroneous, we must give it effect. Larionoff, 431 U.S. at 872. Therefore, there is no reason to review the Board's decision on this issue.
 
 II
 
 9
 Dacuycuy's motion to the Board, as well as his brief on appeal, discusses the merits of whether he is prima facie eligible for a suspension of deportation. The Board, apart from considering the application waived, also refused to reopen the proceedings. As stated above, we review for abuse of discretion.
 
 
 10
 The Board denied Dacuycuy's motion to reopen for three separate reasons: First, "[a] party seeking to reopen ... must state the new facts he intends to establish." Second, "[w]hen the basis for a motion to reopen is that the immigration judge held a hearing in the respondent's absence, the alien must establish that he had a reasonable cause for his absence." Dacuycuy had met neither requirement. Third, the Board concluded that Dacuycuy "has not demonstrated his prima facie eligibility for such relief."
 
 
 11
 "Motions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. Sec. 3.2 (1993) (emphasis added); Saldana v. INS, 785 F.2d 650, 826 (9th Cir. 1986). Dacuycuy obviously knew that on the date of his hearing he would have met the 7 year statutory requirement for suspension. Dacuycuy argues that his "eligibility for suspension of deportation is new evidence which was previously unavailable" -- but this is not true. The evidence is not "new" in any relevant sense. Dacuycuy met the 7 year requirement of section 1254(a) after November 4, 1992, but he knew that on the date of his hearing, he would meet this requirement. "[I]f it appears that the alien's right to apply for such relief was fully explained to him and an opportunity to apply therefor was afforded him" a motion to reopen shall not be granted "unless the relief is sought on the basis of circumstances which have arisen subsequent to the hearing." 8 C.F.R. Sec. 3.2 (1993) (emphasis added). No new evidence has arisen subsequent to the date of Dacuycuy's hearing.
 
 
 12
 Furthermore, Dacuycuy did not give "reasonable cause" for why he failed to attend the hearing. Deportation proceedings may be held in absentia where an alien "has been given a reasonable opportunity to be present ... and without reasonable cause fails or refuses to attend." 8 U.S.C. Sec. 1252(b) (emphasis added). Neither Dacuycuy nor his counsel offered the Board reasonable cause for failing to be present.
 
 
 13
 The Board also stated that Dacuycuy "has not demonstrated his prima facie eligibility for such relief." In the context of reviewing a Board's determination not to reopen proceedings, we have said that "the Board must look at the evidence in its entirety" and "accept as true the facts stated in [Dacuycuy's] affidavits unless they are inherently unbelievable." Limsico, 951 F.2d at 213. However, in this case, the Board properly denied Dacuycuy's motion to reopen on two independent and entirely appropriate grounds. As shown above, Dacuycuy presented no "new evidence" that would allow the Board to reopen his case, and Dacuycuy failed to give any "reasonable cause" for failing to attend his original hearing.
 
 
 14
 Also, the Supreme Court has "indicated that granting a motion to reopen is a discretionary matter with [Board]. Thus, even assuming that respondents' motion to reopen made out a prima facie case of eligibility for suspension of deportation, the Attorney general has discretion to deny the motion to reopen." Rios-Pineda, 471 U.S. at 449 (emphasis added), citing INS v. Jong Ha Wang, 450 U.S. 139, 144 n.5 (1981); see also Vasquez, 767 F.2d at 601 ("The unequivocal language of Rios-Pineda clearly establishes that the [Board] has discretion to deny a motion to reopen filed pursuant to 8 C.F.R. Sec. 3.2 (1985) even when the petitioner has established a prima facie case for relief.") (emphasis added). We conclude that the Board did not abuse its discretion when it did not reopen Dacuycuy's case.
 
 III
 
 15
 In his reply brief, and again at oral argument, Dacuycuy argued that the IJ failed to consider his motion for voluntary departure as alternative relief. However, Dacuycuy did not raise this issue before the Board. Therefore, we do not consider the issue. Vargas, 831 F.2d at 907-08.
 
 IV
 
 16
 This is not the first time that Dacuycuy's attorney, Martin Resendez Guajardo, has engaged in conduct that appears to have resulted in forfeiting his client's opportunity to assert his rights. See Gao-Ay v. INS, No. 90-70163 (9th Cir. Apr. 11, 1991) (unpublished memorandum) (taking judicial notice of Guajardo's disciplinary file and staying order of deportation). On April 15, 1992, the California Supreme Court suspended Guajardo from the practice of law for one year; the one-year suspension was stayed, and he was suspended for 75 days and placed on a three-year probation. That probation has not expired. Guajardo was also, at one point, disbarred from practicing before the Court of Appeals for the Ninth Circuit, but on a motion to reconsider our court chose to suspend him for six months. The orders of this court and of the California Supreme Court are summarized in Docket No. 91-80091.
 
 
 17
 Not only did Guajardo fail to file the application of suspension on time, but he did not even appear on the date scheduled, resulting in in absentia proceedings against Dacuycuy. Ineffective assistance of counsel in a deportation proceeding raises due process concerns. Lopez v. INS, 775 F.2d 1015, 1017 (9th Cir. 1985). To be successful, Dacuycuy must show that counsel's performance was "so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." Magallanes-Damian v. INS, 783 F.2d 931, 933 (9th Cir. 1986). Although we express no view on whether Dacuycuy will meet this heavy burden, we believe that he should have the opportunity to do so.
 
 
 18
 We deny the petition to review, but because Guajardo's performance raises issues about his competence, we stay our mandate for 90 days so that Dacuycuy may seek new representation and, if he chooses to do so, petition the Board to reopen his proceedings based on a claim of ineffective assistance of counsel.
 
 
 19
 PETITION DENIED.