56 F.3d 70
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 The CITY OF OAKLAND, a municipal corporation, acting By and
Through its BOARD OF PORT COMMISSIONERS, Plaintiff-Appellant,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,
Defendant-Appellee.
 No. 93-17184.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1995.
Decided May 31, 1995.
 
 Before CUMMINGS,* SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The city of Oakland was sued by a developer named JLSI, for breach of, and tortious interference with, a lease option agreement. National refused to defend under its personal liability policy with the city. The city settled with the developer and then sued National in the present action claiming that National breached its duty to defend because the facts alleged by the developer supported a claim for "wrongful entry or eviction, or other invasion of the right of private occupancy," the closest offense covered by the policy. The district court granted summary judgment for National and the city appeals. Because the optionee, JLSI, had no possessory right in the property which could have been invaded, we affirm the district court.
 
 Discussion
 
 3
 The duty to defend is broader than the duty to indemnify and is triggered "by the potential for liability under the policy's coverage as revealed by the facts alleged in the complaint or otherwise known to the insurer." CNA Casualty of California v. Seaboard Surety Co., 176 Cal.App.3d 598, 606 (1986) (emphasis in original). Any doubt must be resolved in favor of the insured. Id. at 607. However, because this case involves the scope of basic coverage rather than an exclusion, Oakland has the burden to prove that the events complained of by JLSI fall within the scope of coverage. Olympic Club v. Underwriters at Lloyds of London, 991 F.2d 497, 502-503 (9th Cir. 1993).
 
 
 4
 "Absent clear indication to the contrary, words in an insurance policy are to be read in their plain and ordinary sense." Highlands Ins. Co. v. Universal, 92 Cal.App. 3d (1979). Additionally, a "[c]ourt must interpret the language in context, with regard to its intended function in the policy." Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1265 (1992).
 
 
 5
 National had no duty to defend under its coverage for "wrongful entry or eviction, or other invasion of the right of private occupancy" because the city's allegedly tortious conduct--interference with JLSI's ability to exercise of its lease option--was not an "invasion of any interest attendant to the possession of real property." Nichols v. Great American Ins. Co., 169 Cal. App.3d 766, 755 (1985). JLSI had no possessory interest in the property. The city's claim that "[c]learly an option provides a right to occupy property" (Res. Br. 8) is unavailing. Options in general[1] and this option in particular grant no such right.[2]
 
 
 6
 Gardner v. Romano, 688 F. Supp. 489 (E.D. Wis. 1988), the only case cited by the city in which coverage was found where the claimant neither owned nor occupied the property, is not persuasive authority.[3] The analysis in Martin v. Brunzelle, 699 F.Supp. 167 (N.D. Ill. 1988), a better reasoned opinion in which the court found no duty to defend the same claim of discriminatory refusal to rent, was endorsed by a California appeals court in Waranch v. Gulf Insurance Co., 218 Cal.App.3d 356, 360-361 (1990).
 
 
 7
 Judgment AFFIRMED.
 
 
 
 *
 Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Numerous California cases, e.g. Pacific Southwest Development Corp. v. Western Pacific Railroad Co., 47 Cal.2d 62 (1956), stand for the proposition that an option to purchase does not convey an interest in land to the optionee. It would be surprising if a lease option granted greater rights
 
 
 [2]
 "Optionee shall have no right of possession of any portion of the property until the commencement of the term of the leases" (CR 26, Ex. 1 pg 14)
 The city's counter citation to paragraph 7 of the Agreement is unconvincing. That paragraph, titled "Taxes," is clearly aimed at allocating any potential tax liability to JLSI. It does not convey any possessory or other interest beyond the option granted in the agreement and clearly does not trump the explicit denial of a possessory interest in the provision quoted above.
 
 
 [3]
 State Farm Fire & Cas. Co. v. Westchester Inv. Co., 721 F.Supp. 1165 (C.D. Cal. 1989), cited by the city for the first time at oral argument, is no more convincing. The court in that case found coverage relying solely on Gardner and the fact that a "comprehensive policy was involved."